**JEFFREY M. PATTI, ESQS.**
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiff

In the United States District Court
For the District of New Jersey

| | |
|---|---|
| BRYAN M. SANTINI, | : |
| | :    Case No.: |
| | : |
| Plaintiff, | : |
| | :    Civil Action |
| | : |
| v. | : |
| | :    COMPLAINT |
| | : |
| COLONEL JOSEPH R. FUENTES, | : |
| TROOPER J.L. FURHMANN, TROOPER | : |
| TROOPER R.H. SICKLES, GREENWICH | : |
| TOWNSHIP, SERGEANT DAVID VOLL, | : |
| PATROLMAN DENNIS CAHILL, CHIEF | : |
| RICHARD GUZZO, LOPATCONG | : |
| TOWNSHIP, DETECTIVE MICHAEL | : |
| PATRICIA, CHIEF SCOTT MARINELLI, | : |
| STATE OF NEW JERSEY, John Doe 1-10 | : |
| (a fictitious name), John Roe Supervising | : |
| Officer 1-10 (a fictitious name), ABC Corp. | : |
| 1-10 (a fictitious name), | : |
| | : |
| Defendants. | : |
| | : |

Plaintiff Bryan M. Santini, residing in Harmony Township, County of Warren, and State

of New Jersey by way of Complaint against the Defendants, hereby alleges:

## I. PARTIES

1.      Plaintiff, Bryan M. Santini is a citizen of the United States of America, and at all times relevant to this complaint was a resident of Harmony Township, County of Warren, and State of New Jersey.

2.      Defendant J.L. Furhmann was at all times relevant herein a State Trooper in the New Jersey State Police, Washington Station, Port Murray, New Jersey and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction including Harmony Township, Warren County, New Jersey, and was at all times relevant herein an arresting officer. He is sued individually and in his official capacity.

3.      Defendant R.H. Sickles was at all times relevant herein a State Trooper in the New Jersey State Police, Washington Station, Port Murray, New Jersey and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction including Harmony Township, Warren County, New Jersey and was at all times relevant herein an arresting officer. He is sued individually and in his official capacity.

4.      Defendant Joseph R. Fuentes was at all times relevant hereto the Superintendent of the New Jersey State Police responsible for upholding and enforcing the law and maintaining the peace of communities throughout the State of New Jersey and was responsible for supervising and training subordinate officers and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. He is sued individually and in his official capacity.

5.      At all times relevant herein, the public entity defendant Greenwich Township, (Warren County) was duly organized under the laws of the State of New Jersey.

2

6.    Defendant Greenwich Township, is a municipal entity incorporated pursuant to the municipal laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, et. seq. and to provide training, supervision and/or overall management of the Greenwich Township Police Department.

7.    Defendant David Voll was at all times relevant herein a police officer in the police department of Greenwich Township, holding the rank of Sergeant and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction and providing assistance in neighboring jurisdictions including Harmony Township, New Jersey and was at all times relevant herein an arresting officer.  He is sued individually and in his official capacity.

8.    Defendant Dennis Cahill was at all times relevant herein a police officer in the police department of Greenwich Township, holding the rank of patrolman and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction and providing assistance in neighboring jurisdictions including Harmony Township, New Jersey and was at all times relevant herein an arresting officer.  He is sued individually and in his official capacity.

9.    Defendant Richard Guzzo was at all times relevant hereto Chief of Greenwich Township, police department responsible for upholding and enforcing the law and maintaining the peace of Greenwich Township, and was responsible for supervising and training subordinate officers and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices.  He is sued individually and in his official capacity.

3

10.  At all times relevant herein, the public entity defendant Lopatcong Township, Warren County was duly organized under the laws of the State of New Jersey.

11.  Defendant Lopatcong Township, is a municipal entity incorporated pursuant to the municipal laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, et. seq. and to provide training, supervision and/or overall management of the Lopatcong Township, Warren County Police Department.

12.  Defendant Michael Patricia was at all times relevant herein a detective in the police department of Lopatcong Township, and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction and providing assistance in neighboring jurisdictions including Harmony Township, and was at all times relevant herein an arresting officer.  He is sued individually and in his official capacity.

13.  Defendant Scott Marinelli was at all times relevant hereto Chief of Lopatcong Township, police department responsible for upholding and enforcing the law and maintaining the peace of Lopatcong Township, and was responsible for supervising and training subordinate officers and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices.  He is sued individually and in his official capacity.

14.  Defendant State of New Jersey comprised of Departments among them include the Department of Law of Public Safety.  The Department of Law and Public Safety is further divided into Divisions to include the Division of the New Jersey State Police.

4

15.     Defendant John Doe 1-10 are fictitious persons/law enforcement officers whose identity is unknown at this time, and at all times relevant hereto was responsible for the investigation and/or enforcement of the laws within the Harmony Township, Greenwich Township, and/or Lopatcong Township, department and/or may have been responsible, directly and/or indirectly, for the injuries sustained by plaintiff.  At such time as their identity becomes known, this complaint will be amended to name the known person(s).    They are sued individually and in their official capacity.

16.     Defendant John Doe Supervising Officer 1-10 are fictitious persons/law enforcement officers whose identity is unknown at this time and were at all times relevant hereto Troopers and/or officers in the New Jersey State Police, Washington Station, Greenwich Township, Lopatcong Township, police department and/or other law enforcement agencies and responsible for upholding and enforcing the law and maintaining the peace in Harmony Township, Warren County, Greenwich Township and/or Lopatcong Township and were also responsible for supervising and training subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices.  They are sued individually and in their official capacity.

17.     Defendants ABC Corp. 1-10 are fictitious names for entities who were responsible for the investigation and/or enforcement of the laws in communities neighboring Harmony Township, Greenwich Township, and Lopatcong Township, and/or were responsible for training, supervision and/or management of law enforcement officers who may have been responsible, directly and/or indirectly, for the injuries sustained by plaintiff.  At such time as their identities become known, this complaint will be amended to name the known entities.  They are sued individually and in their official capacity.

5

## II.  JURISDICTION AND VENUE

18.     This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. §1983 together with pendent State claims.

19.     The Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. §1343(a)(3), to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States and over plaintiffs' pendent State law claims pursuant to 28 U.S.C. §1367.

20.     The Court has authority to grant costs and attorney's fees pursuant to 42 U.S.C. §1988.

21.     Venue is properly laid in the District Court of New Jersey pursuant to 28 U.S.C. §1391(b), because one or all of the Defendants reside in this district, and the events giving rise to this claim occurred in this district.

22.     Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising out of the applicable state law.

## III.  SUBSTANTIVE ALLEGATIONS

23.     Prior to February 3, 2009, and continuing to that date, plaintiff and members of his family had been singled out and harassed by defendant Troopers as they perceived plaintiff was a nuisance.  Plaintiff had no prior criminal record.  Plaintiff and members of his family were repeatedly the focus of bogus investigations often being harassed at their homes by the Trooper defendants.

24.     At all times relevant herein, plaintiff worked on his family's dairy farm in Harmony Township, Warren County New Jersey.

25.   On February 3, 2009, plaintiff and another resident of the farm had visitors. During this time, plaintiff was and continued to be milking the cows.

26.   On the evening of February 3, 2009, an uninvited female appeared on the farm and began a physical altercation with another female. 911 was called.

27.   Nearly 20 law enforcement officers from defendant Greenwhich Township, and Lopatcong Township arrived on the scene to investigate.   Upon information and belief the investigation revealed the altercation was isolated to the two females and the matter was swiftly brought under control. Afterward, plaintiff continued with his work milking cows.

28.   Shortly thereafter, with the matter already under control, defendants Furhmann and Sickles arrived on the scene.

29.   Having preconceived negative opinions and dislike for plaintiff and members of his family, defendants Furhmann and Sickles singled him out for questioning although the matter had been investigated and brought under control.

30.   Defendants Furhmann and Sickles commanded plaintiff to exit the barn where he as working and met with him outside near a snow bank.   There were many witnesses to the events that followed.

31.   Plaintiff was commanded to remove his hands from his sweatshirt pockets even though the temperature was cold and he had been milking cows.  Plaintiff complied.  Plaintiff then commenced to turn and walk back to the cows.

32.   At this point in time, and upon information and belief, defendant Furhmann placed his hand on plaintiff's shoulder in an attempt to spin him around.  Defendant Furhmann next tackled plaintiff face first into the snow bank with witnesses watching.

7

33.    Defendants Furhmann, Sickles, Voll, Cahill, and Patricia upon information and belief commenced to kicking, punching, and billy clubbing plaintiff about the face and body.

34.    Upon information and belief defendants Furhmann and Patricia then mased plaintiff in the face even though he was already on the ground and not resisting arrest.

35.    Thereafter, upon information and belief, defendants filed false police/incident reports which led to the filing of a felony aggravated assault against law enforcement charge against plaintiff on February 3, 2009.

36.    This felony charge was brought without probable cause and was based upon false information provided by the arresting officers and agencies.

37.    Plaintiff was caused to expend great financial resources to defendant the false allegation. On August 11, 2009, on the eve of the scheduled pre-trial conference of the matter, over six-months after the incident, law enforcement lodged additional false charges of resisting arrest, a disorderly persons offense.

38.    Plaintiff was caused to suffer great embarrassment and humiliation due to the false allegations being reported in the local newspapers.

39.    Plaintiff was caused to suffer permanent and serious personal injury and emotional pain and suffering as a result of the beating inflicted on him and the false charges filed against him.

40.    The confrontation between plaintiff and the law enforcement agencies and officers on the scene on February 3, 2009 was entirely propagated, instigated, initiated, and fueled by the actions of defendants Furhmann and Sickles.

41.     The events of February 3, 2009 were entirely the result of defendants' unjustified and unlawful aggression towards plaintiff.  Their actions were an unlawful and excessive use of force and an unlawful search and seizure of plaintiff's home and person.

42.     The events of February 3, 2009 were exclusively the result of defendants' unjustified and unlawful police/state created danger.

43.     The events of February 3, 2009 were due in great measure to the lack of proper training and supervision.

44.     The actions of defendants were violative of standard police practice and procedure and/or the lack of police policy and procedures at the New Jersey State Police, Greenwich Township and Lopatcong Township police departments.

45.     At all times relevant herein, defendants were acting under color of state law and during the scope of their employment with the State of New Jersey, Greenwich Township, and Lopatcong Township.

<u>COUNT ONE</u>
(Federal Constitutional Violations)

46.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

47.     Plaintiff has a right protected by the Fourth Amendment to the United States Constitution to be secure in his person, house, papers, and affects, against unreasonable searches and seizures.

48.     Plaintiff also has a right protected by the Fifth and Fourteenth Amendment to the United States Constitution not to be deprived of life, liberty, or property, without due process of law.

49.     Through the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, plaintiff has a right to be protected against false, baseless and arbitrary arrest, detention, seizure of property, seizure of person, and prosecution on criminal charges, excessive use of force, and against arbitrary deprivations of his liberty and property.

50.     Defendants, under color of state law, deprived plaintiff of his aforementioned Constitutional rights by, among other things:

a.     Detaining plaintiff without probable cause;

b.     Searching and seizing the person and/or property of plaintiff without probable cause;

c.     Using excessive force and restraining plaintiff;

d.     Unlawfully and unjustifiably creating a danger and undue risk to plaintiff's life and limb;

e.     Falsely arresting plaintiff without probable cause;

f.     Falsely imprisoning plaintiff;

g.     Maliciously prosecuting plaintiff;

h.     Denying plaintiff the Equal Protection of the Law.

51.     The actions of defendants constituted a policy, practice, procedure or custom of the New Jersey State Police, Harmony Township, Greenwich Township, and Lopatcong Township police departments in that those actions are part of a pattern of failing to implement standard police practice and/or procedure in dealing with investigating alleged criminal misconduct.

52.     Because, *inter alia*, they failed to train and supervise their employees; were grossly negligent in the supervision of their subordinates; created and/or permitted a policy or

custom under which unconstitutional practices occurred and/or because this problem had occurred on numerous previous occasions and by failing to take appropriate remedial measures, defendants Fuentes, Guzzo, Marinelli, and John Roe Supervising Officer 1-10, are liable to plaintiff for damages.

53.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative conduct of defendants Furhmann, Sickles, Voll, Cahill, Patricia, John Doe 1-10, and John Roe Supervising Officer 1-10, defendant Harmony Township, Greenwich Township, and/or Lopatcong Township, is liable for plaintiff's damages.

54.     As a proximate result of defendants' unlawful conduct, plaintiff has been injured in that he was deprived of his Constitutional rights; was falsely arrested, charged and imprisoned without adequate basis; and was caused to suffer severe physical, mental and emotional trauma.

55.     Because defendants Furhmann, Sickles Voll, Cahill, Patricia, John Doe 1-10, and John Roe Supervisor 1-10 engaged in willful and wanton misconduct and/or in reckless or callous indifference to plaintiff's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, plaintiff demands judgment against defendants Furhmann, Sickles, Voll, Cahill, Guzzo, Patricia, Marinelli, John Doe 1-10, John Doe Supervisor 1-10, Greenwich Township, and Lopatcong Township, for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

## COUNT TWO
### (State Constitutional Claim)

56.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

57.     At all times relevant herein, under color of state law, defendants deprived, interfered with and/or attempted to interfere by threats, intimidation and/or coercion with the exercise and/or enjoyment of plaintiff of his substantive due process, equal protections rights, privileges and/or immunities secured by the Constitution and/or laws of the United States and/or State of New Jersey, in violation of N.J.S.A. 10:6-2.

58.     As a direct and proximate result of defendants violations of plaintiff's civil rights guaranteed to him by N.J.S.A. 10:6-2, plaintiff suffered damages.

59.     The civil rights violations aforesaid were committed by defendants with actual malice and/or a wanton and willful disregard of persons, including plaintiff, who foreseeably might be harmed by defendants actions.

60.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, Plaintiff demands judgment against defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorneys fees, and such other relief as this court deems just and proper.

## COUNT THREE
### (New Jersey State Constitution Claims)

61.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

62.     At all times relevant herein, defendants, under color of law, subjected plaintiff and/or caused plaintiff to be subjected to a deprivation of his rights, privileges, and/or immunities secured to him by the Constitution of the State of New Jersey.

63.     At all time relevant herein, defendants violated plaintiff's civil rights by falsely arresting plaintiff, illegally seizing the person of plaintiff, maliciously prosecuting plaintiff, using excessive force, and conspiring to commit the acts aforesaid.

64.     The acts aforesaid were committed pursuant to a policy statement, ordinance, regulation, and/or decision officially adopted and promulgated by defendants and/or a well settled custom or practice by defendants Fuentes, Harmony Township, Greenwich Township, and/or Lopatcong Township.

65.     The acts aforesaid were committed as a result of inadequate training and/or supervision by defendants.

66.     As a direct and proximate result of defendants violations of plaintiff's civil rights guaranteed to him by the New Jersey Constitution and N.J.S.A. 10:6-2, plaintiff suffered damages.

67.     The civil rights violations aforesaid were committed by defendants with actual malice and/or a wanton and willful disregard of persons, including plaintiff, who foreseeably might be harmed by defendants actions.

68.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorneys fees, and such other relief as this court deems just and proper.

13

COUNT FOUR
(False Imprisonment/False Arrest/Malicious Prosecution)

69.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

70.     Defendants are law enforcement officers employed by the State of New Jersey, Greenwich Township, and/or Lopatcong Township.

71.     Defendants are State created law enforcement agencies and/or municipalities, organized and existing under the laws of the State of New Jersey.

72.     On February 3, 2009 and again on August 11, 2009, defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, detained, restrained, arrested, and confined plaintiff against his will.

73.     By reason of defendants' actions, plaintiff was deprived of his liberty, was subjected to embarrassment and humiliation, and was otherwise severely injured.

74.     As a result of plaintiff's false imprisonment, false arrest, and malicious prosecution he has been severely damaged.

75.     The actions aforesaid were committed by defendants with actual malice and/or a wanton and willful disregard of persons, including plaintiff, who foreseeably might be harmed by defendants actions.

76.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorneys fees, and such other relief as this court deems just and proper.

## COUNT FIVE
### (Civil Conspiracy)

77.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

78.     At all times relevant herein, defendants acted in concert to subject plaintiff to false arrest, false imprisonment and/or malicious prosecution.

79.     At all times relevant herein, defendants entered into an agreement to subject plaintiff to false arrest, false imprisonment and/or malicious prosecution.

80.     At all times relevant herein, defendants made overt acts in furtherance of their civil conspiracy to subject plaintiff to false arrest, false imprisonment and or malicious prosecution.

81.     As a direct and proximate result of the civil conspiracy resulting in plaintiff's false arrest, false imprisonment and/or malicious prosecution, plaintiff was wrongfully detained and/or deprived of his freedom and liberty.

82.     The actions aforesaid were committed by defendants with actual malice and/or a wanton and willful disregard of persons, including plaintiff, who foreseeably might be harmed by defendants actions.

83.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorneys fees, and such other relief as this court deems just and proper.

15

## COUNT SIX
### (New Jersey Tort Claims Act)

84. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

85. At all times relevant herein, defendants were acting as law enforcement officers and/or police officers for the State of New Jersey, Greenwich Township, and Lopatcong Township, police ddepartment.

86. Defendants were acting within the scope of their employment and their acts were done in furtherance of the State of New Jersey, Greenwich Township and/or Lopatcong Township's interests.

87. Defendants' actions were a proximate cause of plaintiff's injuries. As a result of the injuries inflicted upon plaintiff, she has suffered damages.

88. Plaintiff has complied with all notice provisions of the New Jersey Tort Claims Act N.J.S.A. 59:1-1, et. seq

WHEREFORE, Plaintiffs request judgment against the defendants for damages, together with attorney's fees and costs of suit and such other and further relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury on all issues contained herein.


**JEFFREY M. PATTI, ESQ.**
Attorneys for Plaintiff


Dated: February 3, 2011          By:    s/ Jeffrey M. Patti

16