James F. Moscagiuri, Esq. (JM-8928)
**COURTER, KOBERT & COHEN**
A Professional Corporation
1001 Route 517
Hackettstown, NJ 07840
Telephone (908) 852-2600
Facsimile (908) 852-8225
Email jmoscagiuri@ckclaw.com
*Attorneys for Scott Marinelli*

**IN THE UNITED STATED DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRYAN M. SANTINI,<br><br>                 Plaintiff,<br><br>v.<br><br>COLONEL JOSEPH R. FUENTES, TROOPER J.L. FURHMANN, TROOPER R. H. SICKLES, GREENWICH TOWNSHIP, SERGEANT DAVID VOLL, PATROLMAN DENNIS CAHILL, CHIEF RICHARD GUZZO, LOPATCONG TOWNSHIP, DETECTIVE MICHAEL PATRICIA, CHIEF SCOTT MARINELLI, STATE OF NEW JERSEY, John Doe 1-10 (a fictitious name), John Roe Supervising Officer 1-10 (a fictitious name), ABC Corp. 1-10 (a fictitious name),<br><br>                 Defendants. | Civil Action No. 11-0639 (JAP-LHG)<br><br>Civil Action<br><br>**ANSWER ON BEHALF OF**<br>**CHIEF SCOTT MARINELLI**<br><br>**DOCUMENT ELECTRONICALLY FILED** |

      This office represents Chief Scott Marinelli, with respect to all claims for punitive damages asserted against him by the Plaintiff, Bryan M. Santini, and, in that respect, Chief Marinelli, by and through the undersigned counsel, hereby responds to the allegations set forth in Plaintiff Santini's Complaint as follows:

**I.**    **PARTIES**

      1.    Defendant has neither knowledge nor information sufficient to form a belief as to the

{00327371-1}

truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

2. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

3. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

4. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

5. Admitted.

6. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

7. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

8. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

9. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby

{00327371-1}

leaves Plaintiff to his proofs.

10. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby leaves Plaintiff to his proofs.

11. Admitted that Lopatcong Township is a municipal entity of the State of New Jersey. The remaining allegations of the paragraph are legal conclusions which require no response. To the extent that they can be considered factual, the answering Defendant denies the remaining allegations of this paragraph of Plaintiff's Complaint.

12. Admitted that Michael Patricia was employed by the Lopatcong Township Police Department. To the extent the remaining allegations in this paragraph call for legal conclusions, they are denied, and no response is required.

13. Admitted that Scott Marinelli is employed by the Lopatcong Township Police Department. To the extent the remaining allegations in this paragraph call for legal conclusions, they are denied, and no response is required.

14. Admitted that Division of State Police is a Division of the State of New Jersey, Department of Law and Public Safety, whose responsibilities are set forth in N.J.S.A. 52:17B-6, *et seq.* and N.J.S.A. 53:1-1, *et seq.* To the extent the remaining allegations in this paragraph call for legal conclusions, they are denied, and no response is required.

15. This paragraph fails to allege any facts and/or claims directed at the answering Defendant. Therefore, no response is required. To the extent that this paragraph can be construed as containing allegations against the answering Defendant, same are denied.

16. This paragraph fails to allege any facts and/or claims directed at the answering Defendant. Therefore, no response is required. To the extent that this paragraph can be construed

{00327371-1}

as containing allegations against the answering Defendant, same are denied.

17. This paragraph fails to allege any facts and/or claims directed at the answering Defendant. Therefore, no response is required. To the extent that this paragraph can be construed as containing allegations against the answering Defendant, same are denied.

## II. JURISDICTION AND VENUE

18. Defendant neither admits nor denies the alleged basis upon which this action lies and specifically leaves Plaintiff to his proofs.

19. Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 28 U.S.C §1367. Defendant neither admits nor denies the alleged bases upon which this action lies and specifically leaves Plaintiff to his proofs.

20. The allegations contained in this paragraph constitute legal conclusions for which no response is required. To the extent this paragraph can be construed as alleging factual assertions, same are denied.

21. Admitted.

22. Defendant neither admits nor denies the allegations contained in this paragraph and specifically leaves Plaintiff to his proofs.

## III. SUBSTANTIVE ALLEGATIONS

23. The allegations contained in this paragraph are not directed at this Defendant and, therefore, no response thereto is required. In addition, Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

24. The allegations contained in this paragraph are not directed at this Defendant and, therefore, no response thereto is required. In addition, Defendant has neither knowledge nor

information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

25. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

26. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

27. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

28. Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

29. The allegations contained in this paragraph are not directed at this Defendant and, therefore, no response thereto is required. In addition, Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

30. The allegations contained in this paragraph are not directed at this Defendant and, therefore, no response thereto is required. In addition, Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

31. The allegations contained in this paragraph are not directed at this Defendant and,

therefore, no response thereto is required. In addition, Defendant has neither knowledge nor information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of Plaintiff's Complaint, and hereby specifically leaves Plaintiff to his proofs.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. The allegations of this paragraph of Plaintiff's Complaint are legal conclusions, not allegations of operative facts and, therefore, no response is required. To the extent this paragraph can be construed as alleging operative facts, same are denied.

42. Denied.

43. Denied.

44. The allegations of this paragraph of Plaintiff's Complaint are legal conclusions, not allegations of operative facts and, therefore, no response is required. To the extent this paragraph can be construed as alleging operative facts, same are denied.

45. The allegations of this paragraph of Plaintiff's Complaint are legal conclusions, not allegations of operative facts and, therefore, no response is required. To the extent this paragraph can be construed as alleging operative facts, same are denied.

## COUNT I
*Federal Constitutional Violation*

46. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

47. To the extent the allegations in this paragraph of the Complaint are legal conclusions and are not allegations of operative facts, no response is required. To the extent the allegations of this paragraph can be considered as factual, same are denied.

48. To the extent the allegations in this paragraph of the Complaint are legal conclusions and are not allegations of operative facts, no response is required. To the extent the allegations of this paragraph can be considered as factual, same are denied.

49. To the extent the allegations in this paragraph of the Complaint are legal conclusions and are not allegations of operative facts, no response is required. To the extent the allegations of this paragraph can be considered as factual, same are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

{00327371-1}

## COUNT II
*State Constitutional Claims*

56. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

57. Denied.

58. Denied.

59. Denied.

60. No allegations are made against the answering Defendant in this paragraph and, therefore, no response is required. To the extent any assertion can be construed as factual, same is denied.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

## COUNT III
*New Jersey State Constitutional Claims*

61. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. No allegations are made against the answering Defendant in this paragraph and,

therefore, no response is required. To the extent any assertion can be construed as factual, same is denied.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

**COUNT IV**
*False Imprisonment/False Arrest/Malicious Prosecution*

69. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

70. Admit only that Defendant is a member of the Lopatcong Police Department. The Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in this paragraph, and specifically leaves Plaintiff to his proofs.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. There are no factual allegations made against the answering Defendant in this paragraph and, therefore, no response is required. To the extent any allegations can be construed as factual, same are denied.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

{00327371-1}

## COUNT V
*Civil Conspiracy*

77. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. There are no factual allegations made against Defendant in this paragraph and, therefore, no response thereto is required. To the extent any assertions can be construed as factual, same are denied.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

## COUNT VI
*New Jersey Tort Claims Act*

84. Defendant repeats the answers to the foregoing allegations and incorporates the same as if more fully set forth at length herein.

85. Admit only that the answering Defendant is a member of the Lopatcong Township Police Department. The answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of this paragraph and, therefore, specifically leaves Plaintiff to his proofs.

86. The answering Defendant is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of this paragraph and, therefore, specifically leaves Plaintiff to his proofs.

87. Denied.

88. The answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, specifically leaves Plaintiff to his proofs.

**WHEREFORE**, Defendant Chief Scott Marinelli hereby demands judgment dismissing Plaintiff's Complaint as to this Defendant and awarding counsel fees and costs associated with the defense of the within action.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief may be granted and said Complaint should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The answering Defendant hereby reserves the right to move, at or before the time of trial, to dismiss Plaintiff's Complaint on this ground.

### Second Separate Defense

Plaintiff's alleged injuries and damages, if any, were the result of the actions of third parties over whom the answering Defendant has no responsibility or control.

### Third Separate Defense

Plaintiff's own wrongful conduct, negligence and/or comparative negligence bars his claim for relief as against the answering Defendant.

### Fourth Separate Defense

Plaintiff's alleged injuries and damages, if any, are the result of his own actions, inactions

and/or other course of conduct, and were not caused, directly or proximately, by any alleged act or omission on the part of the answering Defendant.

### Fifth Separate Defense

The answering Defendant violated no legal duty, if any owing by the Defendant to Plaintiff.

### Sixth Separate Defense

The relief sought by Plaintiff, if granted, would violate public policy.

### Seventh Separate Defense

The answering Defendant is immune from liability by common law or statutory law.

### Eighth Separate Defense

Plaintiff's claims, if any, for punitive damages, are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:9-1 *et seq.*

### Ninth Separate Defense

Any recovery to which Plaintiff may be entitled against the answering Defendant is subject to the limitations on damages provided by N.J.S.A. 59:9-1 *et seq.* and any award must be reduced in accordance with said statute.

### Tenth Separate Defense

Plaintiff's claims are barred, as a matter of law, generally, under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*

### Eleventh Separate Defense

The answering Defendant is entitled to qualified immunity.

### Twelfth Separate Defense

Plaintiff's alleged injuries or damages were not the proximate result of any alleged conduct or failure to act on the part of the answering Defendant.

### Thirteenth Separate Defense

Plaintiff's claims are barred by N.J.S.A. 2A:15-5.1 *et seq.*

### Fourteenth Separate Defense

The answering Defendant did not deprive Plaintiff of any right, privilege or immunity secured to him by the United States Constitution or any act of Congress.

### Fifteenth Separate Defense

The answering Defendant did not deprive Plaintiff of any right, privilege or immunity secured to him by the New Jersey Constitution or laws of the State of New Jersey.

### Sixteenth Separate Defense

The theory of *respondeat superior* cannot be utilized in actions under 42 U.S.C. §1983 or the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*

### Seventeenth Separate Defense

The Plaintiff's suit is barred by the Eleventh Amendment.

### Eighteenth Separate Defense

The answering Defendant, acting in his official capacity, is not a person "under 42 U.S.C. §1983 or the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*"

### Nineteenth Separate Defense

The answering Defendant adopts, as if recited fully herein, each and all defenses raised by any co-defendant to this action in their initial and all supplemental Answers to Plaintiff's Complaint.

### DEMAND FOR JURY TRIAL

The answering Defendant hereby demands a trial by jury as to all issues herein.

### DESIGNATION OF TRIAL COUNSEL

James F. Moscagiuri, Esq., is hereby designated as trial counsel in the within matter.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no party who should be joined in this action.

## CERTIFICATION OF MAILING

The undersigned certifies that the within Answer has been filed with the Clerk of the United States District Court, District of New Jersey, Trenton, New Jersey, and that copies have been forwarded to all counsel via electronic filing.

**COURTER, KOBERT & COHEN, P.C.**
*Attorneys for Defendant Scott Marinelli*
*As to Punitive Damages*


By: /s/ James F. Moscagiuri
      James F. Moscagiuri

DATED: May 18, 2011