NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN M. SANTINI, | |
| Plaintiff, | Civil Action No. 11-cv-639 (JAP) |
| v. | **OPINION** |
| COLONEL JOSEPH R. FUENTES, et al. | |
| Defendants. | |

PISANO, District Judge

Presently before the Court is Plaintiff's, Bryan M. Santini ("Plaintiff"), Motion for Reconsideration [docket #61] of the Court's Opinion and Order entered on September 18, 2013 granting summary judgment to Defendants, Colonel Joseph R. Fuentes, Trooper J.L. Fuhrmann, Trooper R.H. Sickles, and the State of New Jersey (collectively "Defendants") [docket #59 and #60]. Defendants oppose this motion [docket #62]. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

**I.     BACKGROUND**

On February 3, 2011, Plaintiff filed a Complaint with this Court containing six (6) causes of action against the Trooper Defendants[1] in their individual and official capacities under both Federal and State law alleging, among other things, that Defendants used excessive force in effectuating an arrest of Plaintiff [docket #1]. This case arises out of a physical altercation between two females that occurred at Plaintiff's family's dairy farm in Harmony Township, New

---

[1] The State of New Jersey was also a named Defendant in Plaintiff's Complaint and was granted summary judgment by this Court, but is not included in Plaintiff's reconsideration motion. Accordingly, the Court will address only the individual Defendants.

Jersey, on February 3, 2009. *Santini v. Fuentes*, CIV.A. 11-639 JAP, 2013 WL 5554257, at *1 (D.N.J. Sept. 18, 2013). Several law enforcement officers responded to the 911 call, including officers from Greenwich and Lopatcong Townships as well as Defendant Troopers Fuhrmann and Sickles from the New Jersey State Police. *Id.* Upon arrival, officers at the scene told the Defendant Troopers that Plaintiff may have witnessed the altercation and videotaped the incident with his cell phone. *Id.* As a result, Trooper Fuhrmann spoke with Plaintiff, who was wearing a baggy sweatshirt and sweatpants at the time. *Id.* When Trooper Fuhrmann asked Plaintiff if he videotaped the altercation, Plaintiff shoved his hands in his pockets and avoided eye contact with the Trooper. *Id.* Based on his training, Trooper Fuhrmann thought that Plaintiff's response indicated that Plaintiff was deciding whether to run away, conceal something, or get involved in an altercation with the trooper. *Id.* The Trooper asked Plaintiff repeatedly to take his hands out of his pockets because Trooper Fuhrmann could see some type of hard object and was worried about everyone's safety. *Id.* Plaintiff admits that he had his hands in his pockets and Trooper Fuhrmann kept asking him to remove them. *Id.*

Trooper Fuhrmann then approached Plaintiff to try and retrieve Plaintiff's hands from his pockets and Plaintiff began walking away. *Id.* Plaintiff and Trooper Fuhrmann engaged in a grasping match while the Defendant Trooper attempted to gain control of Plaintiff's hands since he did not know if Plaintiff was concealing anything. *Id.* Plaintiff and the Defendant Trooper struggled and fell to the ground as other officers attempted to assist. *Id.* The officers instructed Plaintiff to stop resisting and eventually, used pepper spray and batons on Plaintiff. *Id.* Subsequently, Plaintiff was arrested and charged with aggravated assault on a law enforcement officer pursuant to N.J.S.A. 2C:12-1, and was later charged with obstruction of justice and resisting arrest. *Id.* at *1-2. On August 12, 2009, Plaintiff pled guilty to resisting arrest and the

charges for aggravated assault and obstruction were dismissed as part of the plea. *Id.* at *2. In taking his plea, Plaintiff described what happened and admitted that he resisted arrest. *Id.*

On January 11, 2013, Defendants moved for summary judgment, arguing that: Plaintiff's claims against the State and the Troopers in their official capacities were barred by the Eleventh Amendment; the Troopers were not a "person" for purposes of 42 U.S.C. §§ 1983 or 1985; Plaintiff did not have the requisite elements necessary to sustain his claims for malicious prosecution, false arrest, and false imprisonment; Plaintiff could not maintain a § 1983 claim against the State or Colonel Fuentes on the theory of *respondeat superior*; and that the Trooper Defendants were entitled to qualified immunity [docket #41]. Plaintiff opposed these contentions and argued, among other things, that the Trooper Defendants were not entitled to qualified immunity because their use of force was not objectively reasonable[2] [docket #50]. On September 18, 2013, this Court granted Defendants' motion for summary judgment, holding that "Defendants are entitled to judgment on Plaintiff's federal claims because (1) they are barred by the Eleventh Amendment; (2) the Defendants are not a "person" under § 1983 nor § 1985; (3) Plaintiff's underlying criminal proceeding did not terminate favorably and Defendants had probable cause sufficient to defeat Plaintiff's claims for malicious prosecution, false arrest and false imprisonment; (4) § 1983 precludes recovery based solely on *respondeat superior* and supervisory liability; and (5) the Troopers are entitled to qualified immunity." *Id.* at *4 (D.N.J. Sept. 18, 2013).

Plaintiff now moves this Court to reconsider granting the individual Defendants' motion for summary judgment, arguing that the Court overlooked the fact that the Trooper Defendants were being sued in both their individual and official capacities. Plaintiff seeks reconsideration

---

[2] Plaintiff raised other arguments in opposition to Defendants' motion for summary judgment; however, only asks this Court to reconsider whether the Trooper Defendants may be sued in their individual capacities.

only with respect to the Troopers being sued in their individual capacities for the first, second, and third counts of the Complaint alleging federal and state constitutional violations, arguing that questions of material fact exist as to whether the Trooper Defendants used excessive force in arresting Plaintiff.

## II. DISCUSSION

### a. Legal Standard

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* However, neither Rule 59(e) nor Rule 60(b) applies where the order seeking to be reconsidered is not a final judgment or order. See *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

"Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

      b.    Analysis

Plaintiff does not argue that there was an intervening change in controlling law or new evidence that was not available when this Court decided the summary judgment motion; rather, Plaintiff's motion for reconsideration is limited to the "need to correct a clear error of law or fact to prevent manifest injustice." *Quinteros*, 176 F.3d at 667. Plaintiff asserts that a manifest

injustice occurred and insists that the Court overlooked the fact that the Trooper Defendants were being sued in their individual capacities. However, in granting summary judgment, the Court expressly held that Plaintiff had not established a constitutional violation and "the Troopers are entitled to qualified immunity." *Santini,* 2013 WL 5554257, at *4.

As Plaintiff correctly pointed out, the qualified immunity analysis is only appropriate in civil rights suits where a plaintiff seeks to recover money damages from a defendant in his or her individual capacity. See *P.F. v. Mendres*, 21 F. Supp. 2d 476, 479 (D.N.J. 1998) (". . . [O]ur discussion of qualified immunity only applies to plaintiffs' claim against defendant Mendres, as it is clear that Mendres is sued in her individual capacity."). Thus, it is axiomatic that the Court considered Plaintiff's claims against the Defendant Troopers in their individual capacities when determining that summary judgment was appropriate. In any event, Plaintiff argues that a question of fact exists as to whether the Defendant Troopers used excessive force in effectuating the arrest and therefore, applying the qualified immunity analysis at the summary judgment stage was improper. See *Mantz v. Chain*, 239 F. Supp. 2d 486, 496 (D.N.J. 2002) (In determining whether qualified immunity is proper at the summary judgment stage, "the Court 'must begin with this threshold question: do the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the officers conduct violated a constitutional right?'" (citing *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002)).

Count one of Plaintiff's Complaint alleges "Federal Constitutional Violations" for, among other things, "using excessive force and restraining Plaintiff." Compl. pp. 9-10. "Excessive force claims arising out of an arrest … are analyzed under the Supreme Court's Fourth Amendment jurisprudence. . . [and] requires a plaintiff to show that a "seizure" occurred and that it was "unreasonable" under the circumstances." *Id.* at 498 (citing *Abraham v. Raso*,

6

183 F.3d 279, 288 (3d. Cir. 1999)). Defendants do not dispute that a seizure occurred; thus, the threshold question is whether the Defendant Troopers acted reasonably under the circumstances. In making this determination, the Court considers "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865 (1989)). Here, Plaintiff does not dispute that he refused to take his hands out of his pockets despite Trooper Fuhrmann's instructions to do so, and further admits to the fact that he attempted to resist arrest. Thus, even viewing the facts most favorably to Plaintiff, the Troopers' actions were not unreasonable given their belief that Plaintiff posed a threat to the safety of the officers and other individuals at the scene, and Plaintiff's attempt to resist arrest. Further, "[b]ecause qualified immunity is not merely a defense to liability, but an entitlement not to stand trial or face the other burdens of litigation," summary judgment was hardly inappropriate as Plaintiff suggests because "the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stages of litigation and often admonished courts to avoid routinely submitting the issue of immunity to the jury." *Id.* (internal citations omitted). As explained by this Court previously, Plaintiff has failed to establish that a federal constitutional violation occurred and no manifest injustice resulted by granting the Trooper Defendants summary judgment on the basis of qualified immunity. See *Santini*, 2013 WL 5554257 at \*6, n. 3 ("It should be noted that, in finding Plaintiff's constitutional rights were not violated, Troopers Fuhrmann and Sickles are entitled to qualified immunity…").

Counts two and three of Plaintiff's Complaint, which Plaintiff also seeks this Court to reconsider, are pursuant to N.J.S.A. 10:6-2 and the "New Jersey State Constitution [ ],"

respectively Compl. p. 12. Plaintiff against insists that a manifest injustice has occurred by arguing that this Court did not consider whether the Trooper Defendants were being sued in their individual capacities and "mistakenly dismissed Plaintiff's . . . state law excessive use of force claims founded in violations of Plaintiff's civil rights actionable under . . . the New Jersey Civil Rights Act." See *Plaintiff's Brief in Support of Motion for Reconsideration Pursuant to L.Civ.R. 7.1(i)*, at pp. 3-4. Plaintiff's argument is misguided, however, as this Court did not grant summary judgment in favor of Defendants on Plaintiff's state law claims relating to excessive force or otherwise. Rather, in dismissing Plaintiff's federal claims, this Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). See *Santini*, 2013 WL 5554257 at *5 ("Given that this Court has granted Defendants' motion for summary judgment on all federal claims, the only remaining causes of action in Plaintiff's Complaint are: (1) claims under the New Jersey state constitution; (2) N.J.S.A. 10:6-2; (3) false arrest, false imprisonment and malicious prosecution under state law; and (4) the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*. Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims . . ."). As such, Plaintiff has failed to demonstrate that a manifest injustice occurred with respect to counts two and three, as Plaintiff is free to pursue these claims in state court.

### III. CONCLUSION

For the foregoing reasons, this Court DENIES Plaintiff's Motion for Reconsideration [docket #61]. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

8